IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW LUSANE, | ) | Case No. 5:18-cv-0632 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CHARMAINE BRACY, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |
| | ) | |

Petitioner, Matthew Lusane, has moved for discovery (ECF Doc. 14) pursuant to Rule 6 of the Rules Governing 28 U.S.C. § 2254 habeas cases. Because Lusane has not shown good cause for his discovery requests, his motion for discovery is DENIED.

**I.   Background**

On August 7, 2014, an Ohio jury found Matthew Lusane guilty of two counts of operating a vehicle while under the influence of alcohol or drugs with prior conviction specifications and one count of driving under a suspension. ECF Doc. 7-1 at Ex. 35, Page ID# 394-395. On September 3, 2014, the trial court merged the two OVI convictions and specifications and sentenced Lusane to a two year prison term for the OVI conviction; a consecutive, mandatory four year term on the specification; and 180 concurrent days for driving under suspension. Lusane's aggregate prison term is six years. ECF Doc. 8-1 at Ex. 46, Page ID# 547.

Lusane filed several motions leading up to his trial in state court.  ECF Doc. 7-1 at Exs. 2, 3, 5, and 7.  In one of these motions, Lusane moved to dismiss the felony OVI charges because there were no records of his plea or plea hearing.  ECF Doc. 7-1 at Ex. 3, Page ID# 165.  After conducting a hearing at which Trooper Krug and Lusane testified, the court determined that Lusane's motion to dismiss lacked merit.  The state had produced a certified copy of Lusane's driving record showing twenty-four open driving suspensions and prior OVI convictions in August 2012, two in December 2005, July 2005, May 2000 and July 1995.  ECF Doc. 7-1 at Ex. 17, Page ID# 208.

In an oral motion during a suppression hearing, Lusane's counsel requested dispatch recordings from the alleged *677 (Impaired Driver Line) call that led to Lusane's arrest.  ECF Doc. 7-1 at Ex. 5, Page ID# 173; ECF Doc. 7-1 at Ex. 14, Page ID# 196.   The trial court ordered the Ohio State Patrol Trooper to produce the dispatch tape to the prosecutor who then produced the tape to Lusane.  However, the produced tape had already been automatically recorded over prior to the proceedings.  Thus, the dispatch tape that was produced did not contain the recording of the *677 call that triggered Lusane's stop.  After considering the explanation from the Ohio State Highway Trooper and the prosecutor's office, the trial court determined that the failure to preserve the *667 call was not intentional and that it did not prejudice Lusane because all the parties to the call, the *677 caller, his spouse, and the trooper, were available to testify.  ECF Doc. 7-1 at Ex. 14, Page ID# 196-197.

Lusane filed a habeas petition pursuant to 28 U.S.C. § 2254 on March 19, 2018.  ECF Doc. 1.  On August 29, 2018, he filed a motion to compel discovery.  ECF Doc. 14.  Lusane seeks production of the record from a 2005 case in Portage County Municipal Court.  He seeks transcripts from the Ohio case from which he is seeking habeas relief, and he continues to

request information related to the *677 dispatch call. Warden Charmaine Bracy filed a memorandum in opposition to Lusane's motion for discovery on September 12, 2018. ECF Doc. 16.

## II.     Law & Analysis

Habeas petitioners have no right to conduct discovery unless the court approves. A district court has discretion to grant discovery in a habeas case upon a fact-specific showing of good cause under Rule 6. *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001), *citing Bracy v. Gramley*, 520 U.S. 899, 138 L. Ed. 2d 97, 117 S. Ct. 1793 (1997); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Rule 6(a) provides: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The burden of demonstrating the materiality of information requested is on the moving party. *Stanford,* 266 F.3d at 460, *citing Murphy v. Johnson*, 205 F.3d 809, 813-15 (5th Cir. 2000).

### A.     <u>Ground One</u>

Lusane requests the production of four documents. First, he requests the complete record of an OVI conviction in the Ravenna Traffic Division of the Portage County Municipal Court, Case No. 2005TRC11364R. ECF Doc. 14 at Page ID# 1600. Lusane refers to this conviction as the "ghost conviction" throughout his petition and motion. Ground One of Lusane's habeas petition asserts that the trial court erred in denying his motion to dismiss the felony indictment because the "ghost conviction" was "constitutionally infirm." ECF Doc. 1 at Page ID# 5. As cause for his discovery request, Lusane argues that there is no record "showing Petitioner was in open court [nor a conference] with counsel to enter a plea for the "Ghost Conviction." ECF Doc.

3

14 at Page ID# 1600. He disputes that his signature appears on the pre-trial report from that case. He also argues that the record from the ghost conviction will show, on its face, that it could not be used.

The public record from the Portage County Municipal Court, Case No. 2005TRC11364R is accessible online. See www.co.portage.oh.us/municipal-court. Lusane's signature appears on a document from that case's docket reflecting the court costs and the fine associated with the OVI charge. Lusane does not explain the materiality of his request for the record of the alleged "ghost conviction" case. He does not argue that he was innocent of this prior OVI charge. Rather, he argues that he did not appear in open court to enter his plea, but he doesn't explain what significance, if any, that has on his later conviction.

The trial court determined that Lusane's arguments related to the "ghost conviction" lacked merit. The state produced a certified copy of Lusane's driving record showing twenty-four open driving suspensions and prior OVI convictions in August 2012, two in December 2005, July 2005, May 2000 and July 1995. ECF Doc. 7-1 at Ex. 17, Page ID# 208.

Lusane fails to show that the record of his OVI conviction in Case No. 2005TRC11364R is material to Ground One of his habeas petition. ECF Doc. 14 at Page ID# 1600. The record is available online but it does not advance Lusane's discovery request. It is unclear how the absence of a transcript from the 2005 record invalidates the 2005 conviction. Lusane has not shown good cause for the discovery request related to Ground One.

### B. Ground Two

Second, Lusane requests transcripts from proceedings occurring on November 15, 2013, December 19 & 20, 2013 in *State v. Lusane,* Portage County Common Pleas Case No. 2013 CR 443. Lusane requests these transcripts to show that: 1) there were no transcripts of a plea hearing

for the "ghost conviction;" 2) that the dispatch recording from the *677 call was false; and 3) that his attorney was ineffective because he did not investigate the prior conviction and was aware of the false dispatch but failed to take the proper steps to use this information to exculpate Lusane. ECF Doc. 14 at Page ID# 1600-1601.

Ground Two of Lusane's habeas petition asserts that his trial counsel was deficient for failing to investigate the case and withholding exculpatory evidence. Lusane seeks to obtain transcripts from pretrial hearings in the state court. It is unnecessary for these transcripts to be produced because Lusane seeks them to show irrelevant information. As already indicated, it is immaterial that no plea transcript exists from the "ghost conviction;" the state proved that Lusane had previous convictions by producing a certified copy of Lusane's driving record. The trial court already considered Lusane's argument that the *677 dispatch call was false and determined that this did not prejudice Lusane because the *677 caller was available to testify. Finally, it is not necessary that Lusane obtain hearing transcripts to show that his attorney was deficient in investigating his case or using exculpatory evidence. To the extent that these transcripts could even show any deficiency on counsel's part, they would only be cumulative to Lusane's representations related to counsel's deficiencies. Lusane has not shown good cause for his discovery request related to Ground Two of his petition.

### C. Ground Four

Lusane again requests the record of the "ghost conviction" along with the grand jury transcript for Portage County Common Pleas Case No. 2013 CR 443. Lusane's reasons for requesting this discovery are similar to the reasons he stated for Grounds One and Two. He argues that there is no record of him entering a plea; that the *677 call was false; and that his

5

attorney was incompetent for failing to use this information to Lusane's benefit. ECF Doc. 14 at Page ID# 1601.

Ground Four of Lusane's petition asserts prosecutorial misconduct related to the presentation of the "ghost conviction" to a grand jury. As stated above, the points Lusane seeks to make do not advance his Ground Four. It is immaterial that there is no record of him entering his plea in the 2005 case. It is immaterial that the *677 call was destroyed because the *677 caller was available to testify. Lusane has not explained the materiality of his discovery request related to Ground Four. He has failed to show good cause for this request.

### D. Ground Six

Finally, Lusane requests the production of the discovery packet for Portage County Common Pleas Case No. 2013 CR 443 along with the Ohio State Highway Patrol's ("OSHP") policies and retention periods for *677 calls and the transcript from the proceedings on November 15, 2013. Lusane argues that the evidence surrounding the traffic stop leading to his arrest was false and was later destroyed through OSHP's policies. He argues that this false recording was exculpatory evidence. ECF Doc. 14 at Page ID# 1602.

Ground Six of Lusane's petition asserts that he was deprived of 6th & 14th amendment rights and his right to confront witnesses against him. But the *677 caller, his wife and the Ohio State Highway Patrol trooper were all available to testify. Lusane cannot show that the *677 call recording would have helped his defense or that he was prejudiced by its unavailability. Lusane has not explained the rationale for this request. Moreover, even if Lusane could prove that the dispatch tape in this case was destroyed in violation of a policy or retention period of the OSHP, it is unclear how this would help him. The tape was unnecessary because the caller was available to testify and other evidence showed that OSHP Trooper had probable cause to stop

Lusane and that Lusane was intoxicated while driving. Lusane has not shown that his discovery request is material to Ground Six of his petition.

## III. Conclusion

Because Lusane has not shown good cause for his discovery requests, his motion to compel discovery (ECF Doc. 14) is DENIED.

**IT IS SO ORDERED.**

Dated: September 20, 2018

Thomas M. Parker
United States Magistrate Judge