IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MATTHEW LUSANE, | Case No. 5:18-cv-0632 |
| Petitioner, | JUDGE PAMELA A. BARKER |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| CHARMAINE BRACY, Warden, | |
| Respondent. | **REPORT & RECOMMENDATION** |

### I.     Introduction

On March 19, 2018, petitioner, Matthew Lusane, Ohio prisoner A660925[1], serving an aggregate prison sentence of six years for operating a vehicle under the influence of alcohol or drugs ("OVI") with a repeat offender specification, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  ECF Doc. 1.  Since filing his petition, Lusane has filed numerous motions.  On June 28, 2019, he filed a third motion to stay proceedings, the subject matter of this report and recommendation.  ECF Doc. 39.

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation.  Because there is no good reason to stay this case and because it would only result in unnecessary delay, I recommend the court DENY Lusane's third motion for a stay of proceedings.  ECF Doc. 39.

---

[1] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A660925

## II.     Relevant Procedural History

### A.     State Conviction

On July 18, 2013, Lusane was indicted for two counts of OVI in violation of Ohio Rev. Code §§ 4511.19(A)(1)(a) and (h), 4511.19(G)(1)(d), 2929.13(G)(2) and 2941.1413 with repeat offender specifications; and one count of driving under suspension in violation of Ohio Rev. Code. § 4510.11(A). ECF Doc. 7-1 at 68.

Lusane filed several pretrial motions including a motion to dismiss challenging the underlying OVI convictions supporting the state's repeat offender specification. ECF Doc. 7-1 at 76. The court held a hearing on Lusane's motion to dismiss on April 1, 2014. A state highway patrol trooper testified at the hearing and the state produced a certified copy of Lusane's driving record, which was admitted into evidence. The driving record showed twenty-four open driving suspensions and prior OVI convictions on July 6, 1995, May 12, 2000, July 7, 2005, December 6, 2005, December 27, 2005 and in August 2012. ECF Doc. 7-1 at 119. Following the hearing, the trial court found, contrary to Lusane's assertions, that he *did* have six OVI convictions and denied his motion to dismiss. ECF Doc. 7-1 at 121.

A jury trial commenced on August 7, 2014. ECF Doc. 7-1 at 305. The jury found Lusane guilty on all counts in the indictment including the repeat OVI offender specifications. ECF Doc. 7-1 at 305-307. On September 3, 2014, the trial court merged the two OVI convictions and specifications and sentenced Lusane to 2 years in prison for the OVI conviction, 4 mandatory and consecutive years for the specification and 180 concurrent days in jail for driving under suspension, for an aggregate prison term of 6 years. ECF Doc. 7-1 at 313.

2

**B.      Direct Appeal**

On September 26, 2014, Lusane, represented by new counsel, filed a notice of appeal to the Ohio Eleventh District Court of Appeals. Lusane asserted the following two assignments of error:

> **First Assignment of Error:**
>
> The trial court erred in denying appellant's motion to dismiss the felony indictment (T.D. 97) where appellant established a prima facie case that one of the cases used to enhance his current charge to a felony was constitutionally infirm as the trial court in that case failed to hold a plea hearing where appellant waived his trial rights and entered a guilty plea.
>
> **Second Assignment of Error:**
>
> The trial court erred when it enhanced appellant's, Matthew Lusane's, sentence pursuant to Ohio Revised Code 4511.19(G)(1)(d)(i) (T.D. 170) because R.C. 4511.19 contains two different penalties for persons who have committed six offenses within 20 years, with no difference in proof required to trigger the greater penalties, R.C. 4511.19 violates due process and equal protection.

ECF Doc. 7-1 at 326-327. On January 25, 2016, the Ohio Court of Appeals affirmed the trial court's sentence. ECF Doc. 7-1 at 368-377; *State v. Lusane,* 11th Dist. Portage No. 2014-P-0057, 2016-Ohio-267.

On February 5, 2016, Lusane moved to certify a conflict on the constitutionality of the repeat OVI offender specification. ECF Doc. 7-1 at 379-382. On March 11, 2016, the court of appeals certified the following question of law:

> Whether the repeat OVI offender specification in R.C. 2941.1413(A) facially violates a defendant's right to equal protection, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution, because the specification is based upon the identical evidence required to prove a fourth-degree felony under R.C. 411.19(G)(1)(d)?

ECF Doc. 7-1 at 384-385.

On March 10, 2016, Lusane, through counsel, filed a notice of appeal with the Ohio Supreme Court. ECF Doc. 7-1 at 386. In his memorandum in support of jurisdiction, he raised the following propositions of law:

> The repeat OVI offender specification in R.C. 2941.1413(A) facially violates a defendant's right to equal protection, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution, because the specification is based solely upon the same information required to establish a fourth-degree felony under R.C. 4511.19(G)(1)(d).
>
> The use of a prior OVI conviction to enhance a subsequent OVI charge where the defendant was never brought before a judge for a plea hearing before the prior conviction was entered in the previous case violates a defendant's right to Due Process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

ECF Doc. 7-1 at 390. On June 15, 2015, the Ohio Supreme Court declined to accept jurisdiction. ECF Doc. 7-1 at 409.

### C. Post-Conviction Petition

On June 8, 2015, Lusane filed a *pro se* petition to vacate or set aside the judgment of conviction or sentence. ECF Doc. 7-1 at 410. In his petition for post-conviction relief, Lusane raised the following claims:

> I. In raising the degree of the OVI charge to a felony was unconstitutional where the State relied upon the Kent OVI case no. 2005-TRC-4525, that was the result of a no contest plea which is prohibited by Evidence Rule 410(A)(2) and Criminal Rule 11(B)(2). The petitioner's guaranteed rights to Due Process and Equal Protection of Law under the U.S. Constitution and the Bill of Rights were violated. ECF Doc. 7-1 at 414.
>
> II. The government failed to disclose the recorded emergency call that was specifically requested and ordered; denying the defendant/[now] petitioner access to that evidence. The petitioner's Sixth and Fourteenth Amendment rights under the U.S. Constitution m ay have been violated; depriving him the fundamental rights to a fair trial and due process. The non-disclosure of the evidence might have violated Brady. ECF Doc. 7-1 at 417.

4

On August 28, 2015, Lusane filed a supplemental brief adding the following claim to his petition:

> III. Petitioner was denied his Sixth Amendment right to effective assistance of counsel. Trial counsel was ineffective, failing to present relevant evidence to make a prima facie case in the hearing to dismiss the felony OVI charge. ECF Doc. 7-1 at 461.

On October 20, 2015, Lusane filed a second supplemental brief adding the following claim to his petition:

> IV. The trial court failed to sign the judgment of conviction in Case No. 2013 CR 0443. Thus, failing to comply with a fatal requirement pursuant to Ohio Criminal Rule of Procedure 32(C) renders the petitioner's conviction and sentence void. ECF Doc. 78-1at 506.

On January 21, 2016, the trial court dismissed Lusane's post-conviction petition because all of his claims were barred by *res judicata*. The court also found that some of the claims were meritless. ECF Doc. 7-1 at 622-625.

## III. Federal Habeas Petition

On March 19, 2018, Lusane, filed a *pro se* petition for writ of habeas corpus. ECF Doc. 1. Lusane's petition asserts six grounds for relief:

> **Ground One:**
> The trial court erred in denying appellant's motion to dismiss the felony indictment where appellant established a prima facie case that one of the cases used to enhance his current charge to a felony was constitutionally infirm (hereinafter "ghost conviction") violating his 14th amendment rights under the U.S. Constitution. ECF Doc. 1 at 5.
>
> **Ground Two:**
> Trial counsel was deficient, not reasonably competent, and counsel's deficiencies prejudiced petitioner by failing to investigate the case, subpoena witnesses and he withheld exculpatory evidence provided by the state to use at trial, violating petitioner's 6th Amendment right to counsel under the constitution. ECF Doc. 1 at 6.

**Ground Three:**
The felony OVI conviction is null and void because the trial court judge failed to sign the judgment of conviction as required by criminal rules of procedure 32(C) depriving petitioner of his 14th Amendment rights under the U.S. Constitution. ECF Doc. 1 at 8.

**Ground Four:**
Cumulative prosecutorial misconduct violated petitioner's 5th, 6th and 14th Amendments under the U.S. Constitution. ECF Doc. 1 at 9.

**Ground Five:**
The trial court erred by not dismissing the indictment pursuant to Crim. R. 48(B) where appellant did not have a prior felony OVI conviction to apply the repeat felony OVI specification making the judgment void. ECF Doc. 1 at 11.

**Ground Six:**
The state's failure to provide the 911/*677 emergency call deprived the petitioner of his 6th and 14th Amendment rights and his confrontation rights under the U.S. Constitution. ECF Doc. 1 at 13.

IV. **Law and Analysis**

Lusane moves the Court to stay his habeas petition because he has appealed two of his misdemeanor OVIs that were considered for the repeat offender specification and his appeal is still pending in state court. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Lusane's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the U.S. Supreme court recognized that district courts ordinarily have discretion to issue stays. *Id.* at 276, citing *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936); *Clinton v. Jones,* 520 U.S. 681, 706, 137 L. Ed. 2d 945, 117 S. Ct. 1636 (1997). The Court also noted that "AEDPA does not deprive district courts of that authority." cf. 28 U.S.C. § 2254(b)(1)(A) [28 U.S.C.S. § 2254(b)(1)(A)]. However, one of AEDPA's purposes is to "reduce delays in the execution of state and federal

6

criminal sentences . . ..." *Woodford v. Garceau,* 538 U.S. 202, 206, 155 L. Ed. 2d 363, 123 S. Ct. 1398 (2003). *See also Duncan,* 533 U.S., at 179, 150 L. Ed. 2d 251, 121 S. Ct. 2120.

> "AEDPA's 1-year limitations period quite plainly serves the well-recognized interest in the finality of state court judgments." It "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."

*Id.* [internal citations omitted.]

Lusane has repeatedly challenged the validity of the underlying OVI convictions that supported the repeat offender specifications in state court. As outlined above, the trial court held a hearing on Lusane's motion to dismiss which raised this issue. The jury found Lusane guilty on the repeat offender specification. The state court of appeals affirmed the trial court's judgment after Lusane raised this issue on appeal. And, the Ohio Supreme Court declined jurisdiction on this issue. Lusane also raised this issue in his petition for post-conviction relief. The trial court dismissed Lusane's claim as barred by the doctrine of *res judicata*. There is no reason to believe that any additional claims challenging the validity of Lusane's underlying OVI convictions asserted in state court, including the one that is currently pending in Ohio's Eleventh District Court of Appeals, are not also be barred by *res judicata*. Lusane has repeatedly asserted this argument in state court and it has not persuaded any of the courts that considered it.

As noted by the U.S. Supreme Court, one of the purposes of AEDPA is to reduce delay on the road to final disposition of cases. This purpose is particularly relevant here, where unnecessary delays could result in Lusane's petition not being considered until after he is released.[2] Lusane filed his habeas corpus petition on March 19, 2018. Warden Bracy filed a return of writ on July 17, 2018, a supplemental return of writ on July 18, 2018, and a second

---

[2] Lusane's prison term is set to expire on April 30, 2020. See:
https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A660925

supplemental return of writ on August 8, 2018. This matter has been briefed and is ready for disposition. It is unclear why Lusane would not want the Court to proceed to consider his petition. Because Lusane's repeated attempts to challenge the validity of the underlying OVI convictions in state court have been and most likely will be barred by the doctrine of res judicata, and because one of the purposes of AEDPA is to avoid delays, I recommend that the Court deny Lusane's third motion to stay.

**V.      Recommendation**

Lusane's claim that his underlying OVI convictions were invalid has been raised several times and fully considered in state court. One of AEDPA's purposes is to avoid delays. An unnecessary delay, such as the one that would result from granting Lusane's third motion to stay, might also result in this Court not being able to consider Lusane's habeas petition before he is released from prison. For these reasons, I recommend that the Court DENY his third motion to stay proceedings. ECF Doc. 39.

Dated: August 9, 2019

Thomas M. Parker
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).