**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Matthew Lusane,** | Case No. 5:18cv632 |
| Petitioner, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | Magistrate Judge Thomas M. Parker |
| **Charmaine Bracy,** | |
| **Warden,** | |
| Respondent | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge Thomas M. Parker (Doc. No. 42), which recommends that Petitioner Matthew Lusane's Motion to Stay Proceedings (Doc. No. 39) be denied. Petitioner has filed Objections to the R&R. (Doc. No. 43.) For the following reasons, Petitioner's Objections are overruled. The R&R is ADOPTED and Petitioner's Motion to Stay (Doc. No. 39) is DENIED.

**I. Relevant Procedural History**

**A. State Court Proceedings**

On July 18, 2013, a Portage County Grand Jury indicted Petitioner Matthew Lusane (hereinafter "Petitioner" or "Lusane") on (1) two counts of Operating a Vehicle Under the Influence of Alcohol or Drugs ("OVI") in violation of Ohio Rev. Code §§ 4511.19(A)(1)(a) and (h), 4511.19(G)(1)(d), 2929.13(G)(2) and 2941.1413 (Counts 1 and 2); and (2) one count of Driving Under Suspension in violation of Ohio Rev. Code § 4510.11(A))(Count 3). Counts 1 and 2 carried a repeat offender specification and enhancement making these charges fourth degree felonies because Lusane had been convicted of five or more OVI offenses in the past 20 years. (Doc. No. 7-1, Exh. 1.)

Lusane filed several pretrial motions, including a motion to dismiss the indictment which challenged his underlying OVI conviction in a 2005 case captioned *State v. Lusane*, 2005TRC11364 (Portage Cty. Municipal Court) (Doc. No. 7-1, Exh. 3.) The trial court denied the motion after a hearing.[1] (Doc. No. 7-1, Exh. 17.) Lusane was subsequently found guilty on all counts in the indictment, including the repeat OVI offender specifications. (Doc. No. 7-1, Exh. 36.) Lusane was sentenced to an aggregate prison term of six (6) years. (Doc. No. 7-1, Exh. 37.)

On September 26, 2014, Lusane filed an appeal to the Court of Appeals for the Eleventh District of Ohio ("state appellate court"). (Doc. No. 7-1, Exh. 38.) In his merit Brief, Lusane argued (among other things) that the trial court erred in denying his motion to dismiss the felony indictment on the grounds that one of the cases used to enhance his current OVI charge was "constitutionally infirm." (Doc. No. 7-1, Exh. 39.) The state appellate court affirmed the judgment of the trial court on January 25, 2016. (Doc. No. 7-1, Exh. 41.) On June 15, 2016, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4). (Doc. No. 7-1, Exh. 46.)

Lusane then filed a number of post-conviction motions in which he challenged the use of his previous offenses to enhance his current OVI charges. Specifically, on June 8, 2015, Lusane filed a *pro se* petition to vacate or set aside judgment, which was denied on January 21, 2016. (Doc. No. 7-1, Exhs. 47, 53.) Lusane timely appealed to the state appellate court, which affirmed the trial court's

---

[1] In a Judgment Entry issued on May 6, 2014, the state trial court noted that: "During the hearing, the State of Ohio provided the Court with a certified copy of Defendant's driving record (Exhibit 1), which was identified and admitted into evidence. Said driving record showed twenty-four open driving suspensions and Defendant's prior O.V.I. convictions in: August 2012, December 27, 2005, December 6, 2005, July 7, 2005, May 12, 2000, and July 6, 1995." (Doc. No. 7-1, Exh. 17.) Based on the testimony and evidence adduced at the hearing, the trial court concluded that Lusane had six OVI convictions and that "in each of these OVI cases, the Defendant was represented by counsel and entered into a plea knowingly, intelligently, and willingly." (*Id*.)

2

decision on September 19, 2016. (Doc. No. 7-1, Exhs. 54, 60.) The Ohio Supreme Court thereafter declined jurisdiction on April 19, 2017. (Doc. No. 7-1, Exh. 63.)

Meanwhile, on March 7, 2017, Lusane filed a *pro se* motion to vacate conviction and dismiss the indictment in the state trial court, in which he argued that there was no evidence of a prior felony OVI conviction and that the repeat OVI offender specification should not have been applied. (Doc. No. 7-1, Exh. 64.) The trial court denied Lusane's Motion on March 10, 2017, and Lusane appealed. (Doc. No. 7-1, Exhs. 65, 66.) The state appellate court affirmed on May 7, 2018, and the Ohio Supreme Court thereafter declined to accept jurisdiction. (Doc. No. 7-1, Exh. 70; Doc. No. 11-1.)

Lusane also filed a collateral challenge to his prior, predicate OVI conviction from 2005 in the Portage County Municipal Court, Ravenna Division (hereinafter "2005 Ravenna OVI conviction".) Specifically, on December 28, 2018, Lusane filed a Motion to Revise Judgment of Conviction, which was denied on February 19, 2019. *See State v. Lusane*, Portage County Municipal Court, Case No. 2005TRC 11364 (docket). Lusane timely appealed. (*Id.*) On September 3, 2019, the state appellate court found that the municipal court violated Crim. R. 32(C) by failing to issue a single entry setting forth both the conviction and sentence, and reversed and remanded. *See State v. Lusane*, Case No. 2019-P-0027 (Ohio Ct. App. 11th Dist.) On remand, the municipal court issued a corrected judgment entry setting forth both the conviction and sentence, in compliance with Ohio Crim. R. 32(C). *See State v. Lusane*, Portage County Municipal Court, Case No. 2005TRC 11364 (docket). Lusane appealed from the corrected judgment entry on December 19, 2019. *Id.* That appeal remains pending as of the date of this Memorandum Opinion & Order.

In addition, Lusane filed Motions to Revise Judgment and/or Vacate Plea in March 2019 with respect to his 2000 Ravenna OVI conviction and his 2005 Kent OVI conviction. *See State v. Lusane*,

Case No. 2000TRC0510 (Portage Cty. Municipal Court) (docket) ("2000 Ravenna OVI conviction"); *State v. Lusane*, Case No. 2005TRC4525 (Portage Ct. Municipal Court) (docket) ("2005 Kent OVI conviction). These motions were both denied in April 2019. *Id.* A search of the Portage County Court's Docket Search engine reveals that Lusane filed notices of appeal in both actions in April and May 2019, respectively. *Id.*

On December 9, 2019, the state appellate court affirmed the municipal court's denial of his motion to vacate plea with respect to the 2005 Kent OVI conviction. *See State v. Lusane*, Case No. 2019-P-0056 (Ohio App. 11th Dist. Dec. 9, 2019). Lusane's appeal relating to his 2000 Ravenna OVI conviction remains pending as of the date of this Memorandum Opinion & Order.

**B.    Federal Habeas Proceedings**

Meanwhile, on March 13, 2018,[2] Lusane filed a *pro se* Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 and asserted the following six grounds for relief:

I.    The trial court erred in denying appellant's motion to dismiss the felony indictment where appellant established a *prima facie* case that one of the cases used to enhance his current charge to a felony was constitutionally infirm (hereinafter "ghost conviction") violating his 14th amendment rights under the U.S. Constitution.

II.   Trial counsel was deficient, not reasonably competent, and counsel's deficiencies prejudiced petitioner by failing to investigate the case, subpoena witnesses and he withheld exculpatory evidence provided by the state to use at trial, violating petitioner's 6th Amendment right to counsel under the constitution

III.  The felony OVI conviction is null and void because the trial court judge failed to sign the judgment of conviction as required by criminal rules of procedure

---

[2] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until March 19, 2018, Lusane states that he placed it in the prison mailing system on March 13, 2018. (Doc. No. 1 at PageID#16.) Thus, the Court will consider the Petition as filed on March 13, 2018.

4

>     32(C) depriving petitioner of his 14th Amendment rights under the U.S. Constitution.
>
> IV. Cumulative prosecutorial misconduct violated petitioner's 5th, 6th and 14th Amendments under the U.S. Constitution.
>
>     A. Prosecutor used a prior misdemeanor OVI conviction that is constitutionally infirm to enhance the misdemeanor to felony status.
>
>     B. Prosecutor added a Felony Repeat OVI Offender specification to the indictment where petitioner had not previously been convicted of felony OVI again the prosecutor misled grand jury to obtain the specification with constitutionally infirm prior misdemeanor OVI's.
>
> V. The trial court erred by not dismissing the indictment pursuant to Crim. R. 48(B) where appellant did not have a prior felony OVI conviction to apply the repeat felony OVI specification making the judgment void.
>
> VI. The state's failure to provide the 911/*677 emergency call deprived the petitioner of his 6th and 14th Amendment rights and his confrontation rights under the U.S. Constitution.

(Doc. No. 1.)

Lusane thereafter filed a number of motions in this Court. Of relevance herein, on June 28, 2019, he filed a Motion to Stay Proceedings, in which sought to stay the instant matter pending the appeal of his 2005 Ravenna OVI conviction. (Doc. No. 39.) Lusane argued that "the relevancy to the instant matter is that those prior OVI's are statutory elements of the current felony OVI." (*Id*.) Respondent opposed the Motion. (Doc. No. 40.)

On August 9, 2019, the Magistrate Judge issued an R&R in which he recommended Lusane's Motion to Stay be denied. (Doc. No. 42.) The Magistrate Judge noted that Lusane had repeatedly (and unsuccessfully) challenged the validity of the underlying OVI convictions at issue, and explained that "[t]here is no reason to believe that any additional claims challenging the validity of Lusane's

5

underlying OVI convictions asserted in state court, including the one that is currently pending in Ohio's Eleventh District Court of Appeals, are not also [] barred by *res judicata*." (*Id*. at p. 7.) The Magistrate Judge further found that "unnecessary delays could result in Lusane's petition not being considered until after he is released." (*Id*.) Thus, the Magistrate Judge recommended Lusane's Motion to Stay be denied.

Lusane filed an Objection on August 22, 2019. (Doc. No. 43.) Therein, he argues that his 2005 and 2000 Ravenna OVI convictions and his 2005 Kent OVI conviction are "currently pending on appeal, in that, the sentencing journal entries, on their face, are not final appealable orders that constitute a conviction." (*Id.*) Lusane asserts that "there exist[s] a likelihood that the pending OVI matters used to enhance will . . . be found invalid" and, therefore, the instant matter should be stayed and held in abeyance pending the state appellate courts' decisions. (*Id*.)

Respondent filed a Brief in Opposition on July 26, 2019. (Doc. No. 40.) Therein, Respondent argues that Lusane offers no explanation for his failure to timely challenge his underlying OVI convictions, which date back to 2000 and 2005. (*Id*. at p. 2.) Thus, Respondent argues Lusane has failed to show good cause and his Motion should be denied.[3]

## II. Standard of Review

Parties must file any objections to a Report & Recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).

---

[3] On February 27, 2020, the Magistrate Judge issued an R&R that Lusane's Petition be denied. (Doc. No. 60.) Objections are due by March 12, 2020. The Court will address this R&R in a separate Memorandum Opinion & Order, once it becomes ripe for review**.**

6

When a petitioner objects to the magistrate judge's Report and Recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at * 7 (N.D. Ohio April 7, 2006) (citing *Walters*, 638 F.2d at 949–50).

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

## III. Analysis

In *Rhines v. Weber*, 544 U.S. 269, 275 (2005), the Supreme Court determined that, in the case of a "mixed" petition containing both exhausted and unexhausted claims, a district court has the discretion to employ a "stay and abeyance" procedure where the petitioner can show: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are not "plainly meritless;" and (3) that there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id*. at 277-78; *see also Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). Generally, to show good cause for a failure to exhaust state remedies, a petitioner must show why he failed to use available state remedies timely and appropriately. *See, e.g., Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011). Further, in *Rhines*, the Supreme Court opined that a stay should be entered if the unexhausted claim is "potentially meritorious." *Rhines,* 544 U.S. at 278.

7

Here, Lusane argues that this matter should be stayed pending the completion of appellate review of his various appeals relating to his underlying, predicate OVI convictions. Although *Rhines* is not directly applicable here (as Lusane is not seeking to exhaust a claim in the instant habeas Petition), the Court finds it to be useful guidance in analyzing his Motion to Stay. Applying the factors set forth in *Rhines*, the Court finds Lusane's Motion to be without merit for the following reasons.

First, Lusane offers no explanation for failing to timely challenge the validity of his underlying OVI convictions. The specific OVI convictions mentioned in his Objection are from 2000 and 2005. Lusane does not explain why he waited over ten years to challenge these particular convictions in the Portage Municipal Court. He also fails to explain why he waited until the instant matter was fully briefed before filing his collateral challenges in those cases. Specifically, and as Respondent correctly notes, the instant Petition was filed in March 2018; Respondent filed his Return in July 2018; and Lusane replied in January 2019. He did not file his post-trial motions regarding the 2005 and 2000 Ravenna OVI convictions and the 2005 Kent OVI conviction until December 2018 and March 2019, respectively. His appeals in those cases were not filed until spring 2019, months after the instant action was fully ripe for review. Lusane fails to either acknowledge or explain his failure to timely pursue his state court proceedings regarding these convictions. Thus, the Court finds Lusane has failed to articulate "good cause" for his failure to timely pursue state court relief relating to his underlying OVI convictions.

Second, the Court notes that, since Lusane filed the instant Motion, the state appellate court decided his first appeal of the 2005 Ravenna OVI conviction. While that court remanded for a corrected judgment entry, it did not "void" Lusane's conviction or find that it was constitutionally

8

infirm. Rather, the state appellate court determined that the municipal court's journal entry did not comply with Ohio Crim. R. 32(C)'s single judgment entry requirement. *State v. Lusane*, Case No. 2019-P-0027 (Ohio Ct. App. 11th Dist. Sept. 3, 2019). On remand, the municipal court issued a corrected judgment entry in compliance with the Ohio Criminal Rules. Moreover, the state appellate court recently affirmed the denial of Lusane's motion to vacate plea with respect to his 2005 Kent OVI Conviction. *See State v. Lusane*, Case No. 2019-P-0056 (Ohio Ct. App. 11th Dist. Dec. 9, 2019). Notably, at no point has any state court found any of Lusane's predicate OVI convictions to be "void." Indeed, as the Magistrate Judge correctly notes in his R&R, "Lusane has repeatedly asserted this argument in state court and it has not persuaded any of the courts that considered it."[4] (Doc. No. 42 at p. 7.) Thus, the Court finds that Lusane has failed to demonstrate that his argument that his underlying, predicate OVI convictions are void and/or constitutionally infirm, is potentially meritorious.

In light of the above, the Court finds Lusane's Motion to Stay is without merit and denied.

**IV.    Conclusion**

For the foregoing reasons, Petitioner's Objections are overruled. The R&R is ADOPTED and Petitioner's Motion to Stay (Doc. No. 39) is DENIED.

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  March 2, 2020    U. S. DISTRICT JUDGE

---

[4] As discussed above, Lusane unsuccessfully raised this issue during pretrial proceedings in his underlying criminal case in the instant case, as well as on direct appeal, in a petition for post-conviction relief, and in a *pro se* motion to vacate conviction.